ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

DEC 15 2005

at __11__ o'clock and __25__ min __A__ M
SUE BEITIA, CLERK

MARY A. WILKOWSKI #4622
304-C Iolani Avenue
Honolulu, Hawaii 96813
Telephone: (808) 536-5444 / Facsimile: (808) 591-2990
email: maw808@aol.com

JANE A. KIMMEL #7782
150 Hamakua Drive, Suite 305
Kailua, Hawaii 96734
Telephone: (808) 263-8422 / Facsimile: (808) 263-8422
email: kimmelj001@hawaii.rr.com

ROY J. BELL, III, Attorney at Law, A Law Corporation
ROY J. BELL, III #1739-0
841 Bishop Street, Suite 800
Honolulu, Hawaii 96813
Telephone: (808) 533-1163 / Facsimile: (808) 533-1248
email: roybell3@gte.net

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BRANDON K. MITCHELL,<br><br>Plaintiff,<br><br>vs.<br><br>CITY AND COUNTY OF HONOLULU; HONOLULU POLICE DEPARTMENT; LEE DONOHUE, Chief of Police; MICHAEL A. GOEAS, in his individual and official capacity as an HPD Officer; BRIAN T. BASCAR, in his individual and official capacity as an HPD Officer; DOE HONOLULU POLICE OFFICERS 1-25, in their individual and official capacities; DOES 1-10,<br><br>Defendants. | CIVIL NO. 02-00648 ACK LEK<br><br>PLAINTIFF'S MOTION FOR NEW TRIAL; MEMORANDUM IN SUPPORT OF MOTION; EXHIBITS "A" – "E"; CERTIFICATE OF SERVICE<br><br>(NON-HEARING MOTION)<br><br>TRIAL DATE: NOVEMBER 1, 2005<br>TRIAL JUDGE: HON. ALAN C. KAY |

## PLAINTIFF'S MOTION FOR NEW TRIAL

Comes now Plaintiff Brandon K. Mitchell, by and through his undersigned counsel, and hereby moves this Honorable Court for a new trial from the Special Verdict dated December 6, 2005, and the Judgment entered thereon on December 8, 2005.

This motion is made pursuant to Rule 59(a), Federal Rules of Civil Procedure, and is based upon the memorandum in support of motion and exhibits attached hereto and incorporated herein by reference, and the records and files herein.

DATED: Honolulu, Hawaii, December 15, 2005.

_____
MARY A. WILKOWSKI
JANE A. KIMMEL
ROY J. BELL, III
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BRANDON K. MITCHELL, | ) CIVIL NO. 02-00648 ACK LEK |
| Plaintiff, | ) <br> ) MEMORANDUM IN SUPPORT OF <br> ) MOTION |
| vs. | ) |
| CITY AND COUNTY OF HONOLULU; HONOLULU POLICE DEPARTMENT; LEE DONOHUE, Chief of Police; MICHAEL A. GOEAS, in his individual and official capacity as an HPD Officer; BRIAN T. BASCAR, in his individual and official capacity as an HPD Officer; DOE HONOLULU POLICE OFFICERS 1-25, in their individual and official capacities; DOES 1-10, | ) |
| Defendants. | ) |

MEMORANDUM IN SUPPORT OF MOTION

I. BACKGROUND AND FACTS

After a nearly one-month jury trial in this case, the jury, pursuant to answers to interrogatories on a Special Verdict form, found neither Defendant Michael Goeas or Defendant Brian Bascar violated Plaintiff Brandon K. Mitchell's

civil rights under federal law and/or committed battery or were negligent under state law.

By the instant motion, Plaintiff moves for a new trial in this case on the following grounds:

1) The verdict is contrary to the clear weight of the evidence and is a miscarriage of justice;

2) Plaintiff was unduly prejudiced by the denial of Plaintiff's Fourth Motion in Limine and by admitting into evidence Plaintiff's juvenile arrest records;

3) The Court erroneously refused to give Plaintiff's Amended Proposed Jury Instructions No. 5 and No. 14 (res ipsa loquitur);

4) The Court erroneously refused to give Plaintiff's Proposed Jury Instruction No. 6 (integral participation), and instead, erroneously gave Defendants' Supplemental Proposed Jury Instruction No.14 (Exhibits "A" and "B");

5) The Court erroneously gave the jury instructions on Plaintiff's comparative fault (Defendants' Supplemental Proposed Jury Instructions No. 20 (as modified), No. 21 and No. 22 (Exhibits "C", "D", and "E")).

II. ARGUMENT

    A.    THE VERDICT IS CONTRARY TO THE CLEAR WEIGHT OF THE EVIDENCE AND IS A MISCARRIAGE OF JUSTICE.

Plaintiff proved, beyond any reasonable doubt, that sometime between 6:00 p.m. on October 9, 2000, and 2:30 p.m. on October 11, 2000, Brandon Mitchell received a blow to the left side of his head just above his left ear that caused a linear depressed skull fracture resulting in an epidural hematoma. The injury required emergency brain surgery. These facts are undeniable.

During this 45-hour interval, Brandon was involved in only three relevant events: (1) a scuffle with Keaka Miller at Kaana Street/Kaana Place in Kapolei that occurred sometime between 6:00 p.m. and 6:20 p.m. on October 9, 2000; (2) arrest, custodial detention and observation by the Honolulu Police Department that began at 6:25 p.m. and ended at about 9:45 p.m., the same night; and, (3) transport and convalescence at home under his family's close observation from the time police released Brandon at 9:45 p.m. on October 9, 2000, until his brother, David Richardson, took him to St. Francis West emergency room at about 2:30 p.m. on October 11, 2000.

The overwhelming credible evidence at trial was that Brandon did not sustain a skull fracture during the scuffle with Keaka Miller. The only eyewitnesses who testified about the event were Robin Matishak and Shawn Jones.

- 3 -

Both Ms. Matishak and Mr. Jones testified, unequivocally, that Brandon was punched in the jaw or cheek by Keaka Miller, not on the side of his head, where his skull was later found to be fractured.  Further, both Ms. Matishak and Mr. Jones testified that Brandon did not fall and strike his head at any time during the scuffle with Keaka Miller, and that he showed no signs of head injury of any kind as a result of the scuffle with Keaka Miller.  This observation was confirmed not only by Defendant Goeas himself, but also by the testimony of Nurse Christine Ching, who examined Brandon at the Waianae Coast Comprehensive Health Center following his arrest.

There was no dispute whatsoever about Brandon's physical and mental condition when he walked into the Waianae Police Station unassisted at about 7:55 p.m.  Nor was there any dispute that when Brandon left the police station at about 9:45 p.m., he had to be carried out because he could not walk on his own.

The evidence was overwhelming that from the time Brandon was released from police custody at about 9:45 p.m. on October 9, 2000, until the time he was taken to St. Francis Medical Center on October 11, 2000, his condition never substantially changed; he remained unable to stand or walk without assistance; he remained incoherent; he did not sustain any head injury of any kind while at home before being taken to the hospital.

Thus, through the process of elimination, the overwhelming evidence in the case was that Brandon could have only sustained his skull fracture while he was in police custody. There is simply no other logical, credible conclusion supported by evidence in the case.

The jury's conclusion that Brandon was neither intentionally or negligently injured due to the conduct of Defendants is against the substantial weight of the evidence in this case, and can have only resulted from a disregard of the evidence adduced during trial and/or undue prejudice. The jury's verdict is a miscarriage of justice, and a new trial should therefore be granted.

B.  PLAINTIFF WAS UNDULY PREJUDICED BY THE ADMISSION OF HIS JUVENILE ARREST RECORDS INTO EVIDENCE.

Plaintiff, through his Fourth Motion in Limine, sought to exclude Brandon Mitchell's juvenile arrest record, including the following:

1) Brandon's arrest on January 27, 2000, for Promoting A Dangerous Drug In The Third Degree (possession of marijuana);

2) Brandon's arrest on May 10, 2000, for Theft In The Fourth Degree (Corona beer from Makakilo Handy Pantry);

3) Brandon's arrest on May 10, 2000, for Truancy.

Defendants opposed Plaintiff's motion, arguing that the juvenile arrest records were relevant because Defendants' experts relied on those records in reaching their opinions and conclusions that Brandon was a malingerer and had not sustained brain injury. Alternatively, Defendants argued that arrest records were relevant to show that Brandon had limited potential as a wage earner and/or that such arrests otherwise limited Brandon's earning capacity.

Defendants' arguments raised in opposition to Plaintiff's Motion in Limine were a ruse and a pretext to get this "bad character" evidence in front of the jury. Defendants did not elicit testimony from their experts concerning Brandon's arrest records. Why not? Because they didn't need to. Once the Court allowed Defendants to admit Brandon's arrest records into evidence (Exhibits 217, 218, and 219), Defendants knew the jury was going to be apprised of Brandon's past drug use, theft and truancy. This forced Plaintiff to try to deal with the implications of the juvenile arrests without Defendants having to raise the issue themselves. Although the Court gave a limiting instruction about the use of the arrest records, the adage that, "You can't unring the bell," holds true. The prejudice was done, and the admission of such evidence permitted Defendants to attack the credibility and integrity of not only Plaintiff Brandon Mitchell, but his mother, Patricia Anthony, and her partner, William Rushing, as well.

  C. PLAINTIFF WAS UNDULY PREJUDICED BY THE COURT'S REFUSAL TO GIVE PLAINTIFF'S PROPOSED AMENDED JURY INSTRUCTION NO. 5 AND PROPOSED AMENDED JURY INSTRUCTION NO. 14.

On November 17, 2005, Plaintiff filed a Trial Memorandum regarding comparative fault and doctrine of res ipsa loquitur. In that memorandum, which is incorporated herein by reference, Plaintiff set forth his rationale for why the Court should give Plaintiff's Proposed Jury Instruction No. 5 and Plaintiff's Proposed Jury Instruction No. 14 in amended form so that the jury could be instructed that the res ipsa loquitur doctrine applies only if they find that Plaintiff was injured while in police custody at the Waianae Police Station.

  In a circumstantial evidence case such as this, the inference of liability provided by a res ipsa loquitur type instruction was critical. The failure to give both of Plaintiff's proposed amended jury instructions, as outlined in his November 17, 2005 memorandum, was prejudicial error, for which a new trial is warranted.

  D. THE COURT ERRONEOUSLY REFUSED TO GIVE PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 6 REGARDING INTEGRAL PARTICIPATION, AND INSTEAD, ERRONEOUSLY GAVE DEFENDANTS' SUPPLEMENTAL PROPOSED JURY INSTRUCTION NO. 14.

Plaintiff's Proposed Jury Instruction No. 6, attached hereto as Exhibit "A", correctly states the law with respect to integral participation. By contrast,

Defendants' Supplemental Proposed Jury Instruction No. 14, attached hereto as Exhibit "B", is a misstatement of the law as set forth in Boyd v. Benton County, 374 F.3d 773, 780 (9th Cir. 2004), and Jones v. Williams, 297 F.3d 930, 936 (9th Cir. 2002). There is no requirement that an actor be a "full, active participant" in the violation of a plaintiff's civil rights. It requires only that the actor be an active participant in the activity taking place, e.g., arrest, search, detention, during which a plaintiff's civil rights are violated.

In this case, although the jury ultimately found that neither defendant violated Plaintiff's civil rights, the jury may have been reluctant to choose between the two defendants as to which of them was a "full active participant," as opposed to finding either or both of them were participants in Plaintiff's detention when a civil rights violation occurred.

E. THE COURT ERRONEOUSLY GAVE THE JURY DEFENDANTS' SUPPLEMENTAL PROPOSED JURY INSTRUCTIONS NO 20 (AS MODIFIED), NO. 21 AND NO. 22, ON PLAINTIFF'S COMPARATIVE FAULT.

Giving the jury instructions on Plaintiff's putative comparative fault was erroneous and prejudicial because it allowed the jury to blame Plaintiff for what happened to him and to conclude that Defendants did nothing wrong. The jury was allowed to speculate that if Brandon had not been drinking, he would not have been in a fight, and if he had not been in a fight, he would never have gotten

- 8 -

arrested, and if he had never gotten arrested, he would have never been injured. This impermissibly allowed the jury to overlook Defendants' conduct entirely, and instead, to focus on what brought Brandon into police custody in the first place, rather than on what the police did to Brandon once he was in custody. The instructions on Brandon's comparative fault tainted the jury and its deliberations in the case. As set forth in Plaintiff's November 17, 2005 Trial Memorandum Regarding Comparative Fault, incorporated herein by reference, any alleged pre-custodial voluntary intoxication by Plaintiff could not support a claim for comparative fault during his custody and detention.

III. CONCLUSION

The grant of a new trial is discretionary, and the trial court's decision will not be reversed absent a showing of abuse of discretion. Murphy v. City of Long Beach, 914 F.2d 183, 186 (9th Cir. 1990); Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 36, 101 S.Ct. 188, 191, 66 L.Ed.2d 193 (1980).

In deciding whether to grant a new trial or not, the trial court has a duty to weigh the evidence and to set aside the verdict of the jury, even though supported by substantial evidence, where, in his conscientious opinion, the verdict is contrary to the clear weight of the evidence or to prevent miscarriage of justice. Moist Cold Refrigerator Co. v. Lou Johnson Co., 249 F.2d 246, 256 (9th Cir. 1957),

cert. denied, 356 U.S. 968 (1958); see, also, Hanson v. Shell Oil Co., 541 F.2d 1352,1359 (9th Cir. 1976), cert. denied, 429 U.S. 1074 (1977).

Erroneous jury instructions, as well as the failure to give adequate instruction, are also bases for a new trial. Reinker v. County of Napa, 831 F.2d 829, 832 (9th Cir. 1987); Cleveland v. S. Pack Co., 436 F.2d 77, 80-81 (9th Cir. 1970).

All of these factors are present in this case and require that a new trial be granted in this case.

DATED: Honolulu, Hawaii, December 15, 2005.

_____
MARY A. WILKOWSKI
JANE A. KIMMEL
ROY J. BELL, III
Attorneys for Plaintiff